**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER SINGH, | No. 07-71169 |
| Petitioner, | Agency No. A097-604-808 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Surinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1121 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the IJ's determination that Singh's asylum application was untimely because that finding is based on disputed facts.  *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).  Accordingly, we dismiss the petition as to Singh's asylum claim.

Substantial evidence supports the IJ's adverse credibility determination because Singh's testimony was materially inconsistent with his asylum application regarding the circumstances of his alleged June 1999 arrest, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001), and his explanation does not compel a contrary conclusion, *see Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2006).  In the absence of credible testimony, Singh's withholding of removal claim fails.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the same evidence the IJ found not credible, and he points to no other evidence showing it is more likely than not he would be tortured if he returns to India, Singh's CAT claim also fails.  *See id*. at 1156-57.

07-71169

Finally, in light of our conclusion that substantial evidence supports the IJ's adverse credibility determination, we reject Singh's contention that the IJ violated due process by failing to conclude, based on his evidence, that his asylum application was timely filed. *See Lata*, 204 F.3d at 1246 (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

07-71169